UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ELIJAH WILLIAM MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:13CV1928 TCM |
| ) | |
| DAVID SHIPLEY, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Elijah Moore (registration no. 1019608), an inmate at Potosi Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.50. Furthermore, after reviewing the complaint, the Court will order the Clerk to issue process or cause process to be issued on the complaint.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint.  A review of plaintiff's account indicates an average monthly deposit of $7.50, and an average monthly balance of less than $7.50.  Plaintiff has insufficient funds to pay the entire filing fee.  Accordingly, the Court will assess an initial partial filing fee of $1.50, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  An action is frivolous if it "lacks an arguable basis in either law or fact."  Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S.

25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 against David Shipley (Corrections Officer II), Unknown Dickey (Corrections Officer II), Movement Team Members 2-5, and Use of Force Operator. Plaintiff sues defendants in their official and individual capacities.

Plaintiff alleges that on September 28, 2012, while he was incarcerated at the Eastern Reception Diagnostic and Correctional Center ("ERDCC"), he became disruptive in his cell because he had been deprived of his property. Plaintiff says he was verbally disruptive and that he broke things in his cell.

Plaintiff claims that a five-man movement team was assigned to remove him from his cell, along with a movement team supervisor and a camera operator. Plaintiff asserts that defendant Shipley was the first corrections officer to enter his cell. Plaintiff says he did not resist Shipley. Plaintiff alleges that Shipley began

punching him in the face and head as soon as he approached plaintiff. And plaintiff claims that Shipley continued to punch him after he was restrained by the other movement team members. Plaintiff asserts that defendant Dickey and the other unknown defendants failed to protect him.

Plaintiff avers that he suffered serious injuries as a result of the assault, including broken teeth, hearing loss, and vision impairment. Plaintiff seeks monetary and injunctive relief.

## Discussion

The complaint states a plausible claim for relief against defendants Shipley and Dickey in their individual capacities. As a result, the Court will order these defendants to respond to the complaint.

Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." Id. As a result, plaintiff's claim for money damages against defendants in their official capacities must be dismissed.

Plaintiff also seeks injunctive relief against defendants in their official capacities. Plaintiff is no longer confined at ERDCC; he has since been transferred

to Potosi Correctional Center("PCC"). For plaintiff to prevail on his claim for injunctive relief, he must allege that he is likely to be subjected to the unlawful activity in the future. E.g., O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief, however, if unaccompanied by any continuing, present adverse effect." Id. Petitioner has not alleged that he is likely to be subjected to the same unlawful activity at PCC. Therefore, his claim for injunctive relief is moot.

In general, fictitious parties may not be named as defendants in a civil action. Phelps v. United States, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown, however, if the complaint makes sufficiently specific allegations to permit the identity of the party to be ascertained after reasonable discovery. Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985). Plaintiff has made sufficient allegations against the unknown defendants to learn their identities after reasonable discovery. As a result, the Court will not dismiss them from the complaint at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.50 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue on defendants David Shipley and Unknown Dickey (COII), both of whom are alleged to be employed at ERDCC.

**IT IS FURTHER ORDERED** that defendants shall reply to plaintiff's claims within the time provided by the Federal Rules of Civil Procedure.

Dated this 3rd day of October, 2013.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE