UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ELIJAH MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:13CV01928 AGF |
| | ) |
| DAVID SHIPLEY, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

Plaintiff brought this action seeking declaratory relief, injunctive relief, and damages for Eighth Amendment and conspiracy claims under 42 U.S.C. § 1983. Plaintiff, a prisoner of the State of Missouri, alleges that Defendant prison guards participated in beating and injuring him in retaliation for a relationship with a female staff member. Five of the seven named Defendants now move for partial dismissal for failure to state a claim against them in their official capacities, pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the motions will be granted.

# BACKGROUND

On September 26, 2013, Plaintiff filed a pro se complaint against certain prison employees. He subsequently obtained private counsel, and on October 9, 2014, Plaintiff filed a first amended complaint in this action. The amended complaint alleges that on September 28, 2012, Plaintiff was being verbally disruptive and destroying items in his cell due to his property being impounded by prison staff. In response, prison "staff"

allegedly sprayed Plaintiff with pepper spray and threw two non-lethal grenades into his cell.  The amended complaint alleges that a response team, led by Defendant David Shipley, then entered Plaintiff's cell and beat him severely.  Plaintiff alleges that Shipley was the primary aggressor, and that the remaining Defendants variously held Plaintiff to the ground while he was being beaten, or watched from the door of his cell while doing nothing.  Shipley allegedly punched Plaintiff in the face and kneed him repeatedly, causing optic nerve damage in Plaintiff's right eye and total hearing loss in his left ear.  Plaintiff alleges that this attack went far beyond the force necessary to subdue him, and was in fact in retaliation for Plaintiff's "relationship" with one of the prison's female staff members.  Plaintiff sues each Defendant in his individual and official capacities, stating Eighth Amendment and conspiracy claims, and asking for actual and punitive damages.  Plaintiff also seeks declaratory relief, declaring that Defendants violated his constitutional rights, and injunctive relief ordering the Department of Corrections to terminate Defendants' employment and enjoining the Department of Corrections from hiring them in the future.

Defendant Shipley filed a motion to dismiss for failure to state a claim against him in his official capacity pursuant to Rule 12(b)(6), arguing that the Eleventh Amendment precludes awards of damages against state officials acting in their official capacities.  Defendants Paul Malady, Robert Thebeau, Jordan Villmer, and David Williamson later filed a joint motion to dismiss for failure to state a claim, asserting nearly identical arguments to those raised by Shipley in support of his motion to dismiss, and asking to be

dismissed in their official capacities.  Plaintiff did not file a response to either of these motions, and the time to do so has elapsed.

## **DISCUSSION**

A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent.  *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985).  "[J]udgment against a public servant 'in his official capacity' imposes liability on the entity that he represents provided, of course, the public entity received notice and an opportunity to respond."  *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985).  When suing state actors in their official capacities, claims for damages are barred by the Eleventh Amendment, though prospective equitable remedies may still be available.  *Reynolds v. Dormire*, 636 F.3d 976, 981 (8th Cir. 2011) (citing *Kentucky*, 473 U.S. at 167).

Official-capacity liability under § 1983 occurs only when a constitutional injury is caused by "a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy."  *Grayson v. Ross*, 454 F.3d 802, 810-11 (8th Cir. 2006).  "More is required in an official-capacity action," than a personal liability action "however, for a governmental entity is liable under § 1983 only when the entity itself is a 'moving force' behind the [constitutional] deprivation."  *Kentucky*, 473 U.S. at 166; *see also Ahmed v. Fenesis*, No. 05CV2388 (JRT/FLN), 2007 WL 2746842, at *8 (D. Minn. Sept. 19, 2007) ("To state an actionable claim for injunctive relief against state actors who are sued in their official capacities, a plaintiff must show that his federal constitutional rights are being violated because of some particular state policy or custom.").

Additionally, courts can grant prospective declaratory relief regarding ongoing constitutional violations, but "[o]fficial capacity claims seeking declaratory relief regarding state employees' past conduct are barred by the Eleventh Amendment." *Becker v. Crow*, No. 1:13–cv–117, 2014 WL 3936386, at *4 (D.N.D. Aug. 11, 2014); *see also Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 146 (1993) (holding that the Eleventh Amendment "does not permit judgments against state officers declaring that they violated federal law in the past").

In this case, Plaintiff's claims for damages are not permitted against Defendants in their official capacities under the Eleventh Amendment, and must be dismissed. *See Burke v. Mo. Dep't of Corr.*, No. 4:08CV2000 CDP, 2009 WL 1210625, at *1 (E.D. Mo. Apr. 30, 2009) (dismissing official capacity claims for monetary damages against the Department of Corrections as barred by the Eleventh Amendment).

Further, the Eleventh Amendment bars Plaintiff's request for declaratory relief as Plaintiff only seeks a retroactive declaration regarding Defendants' past conduct, rather than prospective declaratory relief for an ongoing constitutional violation. *See Green v. Metrish*, No. 2:04-CV-216, 2006 WL 2506191, at *2 (W.D. Mich. Aug. 29, 2006) (denying injunctive relief in a § 1983 suit when plaintiff failed to plead "a continuing violation" of his constitutional rights).

Finally, because Plaintiff fails to allege that his rights were violated by a particular "constitutionally forbidden rule or procedure" of the Department of Corrections, his claims for injunctive relief fail as a matter of law. *See Alexander v. Steele Cty. Jail*, No. 13–cv–796 (SRN/FLN), 2014 WL 4384452, at *21 (D. Minn. Sept. 4, 2014) (dismissing

official capacity claims for injunctive relief when the plaintiff alleged actions of individual jail officials but failed to allege that any policy or rule violated his constitutional rights).

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that the motions (Doc. Nos. 66 & 73) of Defendants David Shipley, Paul Malady, Robert Thebeau, Jordan Villmer, and David Williamson to dismiss this action against them in their official capacities, is **GRANTED.**

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 13th day of March, 2015.