UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ELIJAH MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:13CV01928 AGF |
| | ) |
| DAVID SHIPLEY, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**IT IS HEREBY ORDERED** that Plaintiff's motion (Doc. No. 99) for leave to file a second amended complaint adding new claims is **DENIED**. The Court concludes that the new claims (retaliation and harassment claims against new defendants) do not arise out of the same operative facts as the first amended complaint (use of excessive force), and that allowing the amendment would result in undue delay in the litigation of Plaintiff's current claims. This is so even if Plaintiff's new claims meet the exhaustion requirement of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). The proposed new claims can be raised in a new and separate lawsuit. *See, e.g., Moore v. Stepp*, No. C 11-5395 CW PR, 2012 WL 4003443, at *1 (N.D. Cal. Sept. 11, 2012) (denying a prisoner leave to amend his § 1983 excessive force complaint by adding newly-exhausted retaliation and harassment claims that had previously been dismissed as unexhausted; noting that the plaintiff could bring the proposed claims in a separate lawsuit).

If Defendants are withholding, or have confiscated or destroyed Plaintiff's records that are relevant to this case, Plaintiff can seek discovery sanctions; and if Defendants

have transferred Plaintiff to a distant prison to impede his proceeding with this case, Plaintiff can similarly seek Court intervention.

This case has been pending for more than eighteen (18) months. Plaintiff has already added additional defendants and amended the complaint once, the amended discovery deadline has passed, and the case is scheduled for trial in August, 2015. It is too late to expand this litigation to other claims, arising out of different facts and against additional parties.

**IT IS FURTHER ORDERED** that Plaintiff's motion to allow his present counsel to withdraw and to appoint substitute counsel (Doc. No. 100) is **DENIED**. The primary reason advanced by counsel in support of the motion – namely, that he would be a necessary witness in the litigation of Plaintiff's new proposed claims – no longer applies. And on this record, the Court is not swayed by counsel's argument that continuing to represent Plaintiff will be a hardship on counsel. Counsel voluntarily undertook representation of Petitioner, and can be expected to continue his representation through the litigation of this relatively straightforward case. *See, e.g., Chester v. May Dep't Store Co.*, No. CIV. A. 98-5824, 2000 WL 12896, at *1 (E.D. Pa. Jan. 7, 2000) (denying motion for withdrawal of counsel, in the interest of maintaining fairness to the litigants and preserving the court's resources and efficiency) (citing cases).

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 1st day of May, 2015.